RAILROAD COMMISSION OF LOUISIANA et al. v. TEXAS & P. RY. CO. et al.† (Circuit Court of Appeals, Fifth Circuit. March 21, 1911.) No. 2,167. Appeal from the Circuit Court of the United States for the Eastern District of Louisiana. Walter Guion and E. Howard McCaleb, for appellants. T. Alexander, J. D. Wilkinson, Fred G. Hudson, Bernard J. Mayer, and Chas. Payne Fenner, for appellees. Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

PER CURIAM. On the facts found by the master, the court below held that the commerce involved in the case was interstate and decreed accordingly. 183 Fed. 1005. After full consideration, we concur in the finding, and the decree appealed from is therefore affirmed.

———

RICKEY LAND & CATTLE CO. v. NICHOL et al. (Circuit Court of Appeals, Ninth Circuit. February 20, 1911.) Appeals from the Circuit Court of the United States for the District of Nevada. With this case has been consolidated in this court cases bearing titles as follows: Rickey Land & Cattle Co. v. Patrick J. Conway et al.; Same v. L. R. Ames et al.; Same v. J. E. Gignoux; Same v. Mickey Ditch Co. et al.; Same v. Patrick Gallagher. Nos. 1,372–1,374, 1,395, 1,396, 1,424. Jas. F. Peck and Chas. C. Boynton, for appellants. Mack & Farrington, for appellees.

PER CURIAM. Following order entered in each of the cases herein referred to: On the oral motion of Mr. Edward F. Treadwell, on behalf of the appellees, and Mr. Treadwell having advised the court that the counsel for the appellants consent thereto, it is ordered that the decree of the court below in the above-entitled cause be and hereby is affirmed.

———

ST. CLAIRE FOUNDRY CO. v. UNION JACK CO. et al. (Circuit Court of Appeals, Seventh Circuit. November 18, 1910.) No. 1,578. Appeal from the Circuit Court of the United States for the District of Indiana. John C. Higdon, for appellant. V. H. Lockwood, for appellee. Before GROSSCUP, BAKER, and SEAMAN, Circuit Judges.

PER CURIAM. This appeal is from a decree dismissing the appellant's bill which charges infringement of six patents issued to one William H. Cox at various dates. While the bill alleges the appellant to be the owner of such patents, no assignment thereof by the patentee appears in evidence, nor is testimony of record tending to prove title derived from his estate or heirs at law, as an alleged decedent. Evidence thereof is tendered, however, on this appeal as omitted by oversight, and for that reason the cause is remanded, with instructions that the bill be dismissed unless within 60 days from the date hereof the costs in the cause in both the Circuit Court and this court up to this date shall have been paid, and appellant (complainant below) shall have submitted to the Circuit Court his further proofs on the question of complainant's title. In case appellant complainant complies with these conditions, the cause shall be open for rehearing in the court below to the extent that equity may require. Costs in this court are hereby assessed against appellant.